IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NORBERT STURDEVANT, Inmate #09437-089,** | ) <br> ) <br> ) |
|     **Plaintiff,** | ) <br> )     **CIVIL NO. 11-cv-533-JPG** |
| vs. | ) <br> ) |
| **WENDY ROAL-WERNER, JOHN PARENT, H. TUPPER, and M. WINKLEMEYER,** | ) <br> ) <br> ) <br> ) |
|     **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

    Plaintiff Norbert Sturdevant, an inmate in the United States Prison at Marion, Illinois ("Marion"), brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff is serving a 96 month sentence for a conviction in the Eastern District of Wisconsin, Case No. 08-cr-0129-WCG, for assaulting a federal officer. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**Three-Strike Status**

As noted in this Court's order of July 20, 2011 (Doc. 6), Plaintiff has already incurred three "strikes" within the meaning of 28 U.S.C. § 1915(g), for civil actions dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. However, the undersigned Judge permitted Plaintiff to proceed without full payment of the filing fee after

determining that the allegations of the instant complaint indicate that he is under imminent danger of serious physical injury.

**The Complaint**

After his sentencing, Plaintiff was placed on October 28, 2008, in FCI-Gilmer in West Virginia (Doc. 1, p. 6). Plaintiff has no teeth, so he put in a request for dentures. He was put on a waiting list, however, the prison had no dentist at that time.

In May 2010, still at FCI-Gilmer, plaintiff learned that other prisoners had obtained dentures, so he complained to officials there. Soon thereafter, on June 23, 2010, he was transferred to Marion.

Upon Plaintiff's arrival at Marion, he submitted a sick call form requesting dentures. He submitted a second request on August 10, 2010, noting that he was in pain. He was told that his need was not urgent, and that he had been placed on the "routine" waiting list effective May 28, 2010. Plaintiff was also informed that there was no dentist at Marion at that time.

Plaintiff filed a grievance on August 12, 2010, over the failure to provide dentures, and appealed the denial of that grievance. Upon receiving the final decision denying his appeal, on April 15, 2011, he submitted another request for dentures (Doc. 1, p. 7). Defendant Tupper responded to that request, writing that he was still on the "routine care waiting list," and that the prison was "still working out of '07.'" *Id.*; (Doc. 1-1, p. 9). He requested help from Defendants Winklemeyer and Parent, to no avail.

Plaintiff alleges that during the entire time of his incarceration, from October 2008 to the date he filed this action on June 13, 2011, he had not been seen by a dentist or dental hygienist. Because Plaintiff has no teeth or dentures, he cannot chew his food well, and has continuous pain

after meals. Plaintiff suffers from other health problems in addition to his lack of teeth. He has no gall bladder, which impairs his body's ability to digest food. He is also an insulin-dependent diabetic, and he states that his inability to eat properly aggravates this condition. Due to these health issues, Plaintiff alleges that he has a heightened need for dentures, and that his suffering is worse than might be expected for a person without these additional problems.

Plaintiff seeks declaratory and injunctive relief as well as damages.

**Discussion**

Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). However, in certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical

condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *Id.*

Plaintiff's condition meets several of the criteria described in *Gutierrez*. The failure to treat him, *i.e.*, provide him with dentures, inflicted unnecessary pain which recurs with each meal. In addition, his diabetes is complicated by his inability to eat properly without dentures, and his lack of a gall bladder further impairs his ability to digest the food he cannot adequately chew. The Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (inmate who alleged he suffered from bleeding gums, headaches, disfigurement, and inability to chew food without dentures stated a serious medical need), Thus, Plaintiff's allegations suffice to meet the objective showing that he had a serious medical condition. The remaining question is whether he has sufficiently alleged deliberate indifference on the part of the various Defendants.

As to the subjective component of a deliberate indifference claim, the Supreme Court has stated:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer v. Brennan,* 511 U.S. 825, 842 (1994). Furthermore, a delay in providing medical treatment "may constitute deliberate indifference if the delay exacerbated the injury or

unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976)); *Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010); *see also Farrow v. West*, 320 F.3d 1235, 1243-44 (11th Cir. 2003) (inmate who was forced to wait fifteen months for dentures, during which he suffered pain, bleeding gums, and weight loss, stated an Eighth Amendment claim).

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques).

Plaintiff names four Defendants: Wendy Roal-Werner (Marion Warden), John Parent (Associate Warden-Operations), H. Tupper (Dental Hygienist), ad M. Winklemeyer (Health Administrator). He states that after he made his most recent request for dentures, he showed Defendant Tupper's written response (stating that he was on the routine waiting list and they were still on "07") (Doc. 1-1, p. 9) to Defendant Winklemeyer. Defendant Winklemeyer's only response was to tell Plaintiff to "talk to dental" (Doc. 1, p. 7). Next, Plaintiff showed the document to Defendant Parent. Defendant Parent told Plaintiff that the prison's failure to provide dentures was not an Eighth Amendment violation, and he gave Plaintiff a copy of the

Bureau of Prisons policy statement on dental care (Doc. 1-1, pp. 10-12). That policy states, in part, that "Care will be prioritized for inmates with a documented medical condition contributing to mal-absorption or malnourishment at the discretion of the dentist." (Doc. 1-1, p. 12). As of the time Plaintiff filed this complaint, he still had not seen a dentist for any determination of whether his condition would qualify him for "priority" care under this policy.

Plaintiff has alleged that he has medical conditions that result in "mal-absorption or malnourishment." Plaintiff indicates that Defendants Winklemeyer and Parent were aware of these medical conditions as well as the fact that Plaintiff had already waited over two years for dentures. If they had this knowledge, yet did nothing to obtain treatment for Plaintiff, their actions could rise to the level of deliberate indifference. Accordingly, Plaintiff's allegations against Defendants Winklemeyer and Parent shall receive further review.

However, Plaintiff makes no specific allegations in the body of his complaint against Defendants Tupper or Roal-Werner. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are

directed against him or her. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Furthermore, Defendant Roal-Werner, the prison warden, cannot be held liable for a violation of a prisoner's civil rights merely because she holds that supervisory position. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

Because Plaintiff has not made any allegations against Defendants Tupper or Roal-Werner in his complaint, he has not adequately stated claims against these individuals, or put them on notice of any claims that he may have against them. For this reason, Defendants Tupper and Roal-Werner will be dismissed from this action without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that Defendants **ROAL-WERNER** and **TUPPER** are **DISMISSED** from this action without prejudice.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **PARENT** and **WINKLEMEYER**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants

**PARENT** and **WINKLEMEYER** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

---

[1] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court

documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 13, 2012**

<u>   <i>s/J. Phil Gilbert</i>           </u><br>
<b>United States District Judge</b>