IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NORBERT STURDEVANT,

    Plaintiff,

vs.

WENDY ROAL-WERNER, JOHN PARENT,
H. TUPPER and M. WINKLEMEYER,

    Defendants.

Case No. 11-cv-533-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 39) of Magistrate Judge Philip M. Frazier recommending that the Court grant defendants John Parent's and Michael Winklmeier's[1] (collectively "Defendants") motion for summary judgment. Plaintiff Norbert Sturdevant filed an objection (Doc. 40) to the R & R. For the following reasons, the Court adopts the R & R and grants Defendants' motion for summary judgment.

1. **R & R Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Sturdevant filed an objection to the R & R, the Court will review the record *de novo*.

---

[1] The complaint incorrectly lists this name as "Winklemeyer."

**2. Facts**

Sturdevant is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at United States Penitentiary ("USP") Marion. On June 17, 2011, Sturdevant filed a complaint[2] pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging deprivations of his constitutional rights by persons acting under color of federal authority. Sturdevant named the following individuals as defendants: (1) Wendy Roal-Werner, USP Marion's Warden; (2) John Parent, USP Marion's Associate Warden of Operations; (3) H. Tupper, a USP Marion dental hygienist; and (4) and M. Winklmeier, USP Marion's Health Administrator. After a preliminary review, the Court dismissed defendants Roal-Warner and Tupper because Sturdevant failed to make any allegations against them in his complaint. Accordingly, the only remaining defendants are Parent and Winklmeier.

The following are the relevant facts. Sturdevant has no teeth. The BOP failed to provide Sturdevant with dentures for several months of his incarceration. He argues that the BOP's failure to promptly provide him with dentures prevented him from properly chewing his food, caused him digestive problems, and caused him to experience "fluctuating" pain after eating. Sturdevant further contends that the digestion problems were aggravated because he has no gall bladder and is an insulin-dependent diabetic. His complaint arises from the defendants' alleged deliberate indifference to his need for dentures.

Sturdevant was transferred to USP Marion on June 23, 2010. Upon his arrival, Sturdevant submitted a sick call form requesting dentures. On August 10, 2010, he submitted a second sick call request for his dentures (Doc. 1-1). In that request, Sturdevant ranked his pain

---

[2] Prior to the instant complaint, Sturdevant had accumulated three "strikes" for filing civil cases ultimately dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. After a liberal construction of the complaint, the instant action was permitted to proceed without full payment of the filing fee because the Court found Sturdevant sufficiently alleged imminent danger.

level as a three on a scale of one to ten (Doc. 1-1, p. 1). Sturdevant failed to indicate on the sick call request form that his lack of dentures was aggravating any other conditions. USP Marion Dental Hygienist S. K. Clendenin responded to Sturdevant's second sick call request indicating dentures were a non-urgent issue pursuant to the BOP's policy and that Sturdevant had been placed on "the routine waiting list" (Doc. 1-1, p. 1). USP Marion did not have a dentist on staff at the time of Sturdevant's initial requests and was only fulfilling requests for emergency dental care.

Sturdevant filed a grievance in response to USP Marion's failure to provide him with dentures. That grievance was denied, he appealed, and the appeal was denied. Thereafter, on April 15, 2011, Sturdevant filed an informal request for dentures (Doc. 1-1). In the informal request, Sturdevant complained of the length of time he had been waiting for dentures, but failed to indicate he was in pain or that his lack of dentures aggravated any other conditions. Tupper responded to the informal request, informing Sturdevant that he was on the waiting list and that the institution was still fulfilling requests from 2007 (Doc. 1-1). Sturdevant showed the denial of the informal request to Winklmeier and Parent. Winklmeier told Sturdevant to contact the dental department, and Parent gave Sturdevant a copy of the BOP dental care policy. As Associate Warden of Operations, Parent's duties included overseeing USP Marion's dental department. Sturdevant failed to indicate to the Defendants that his need for dentures was aggravated by the absence of a gall bladder or his status as an insulin-dependent diabetic. Eventually, USP Marion hired a dentist, and Sturdevant received dentures on October 12, 2012.

Defendants filed a motion for summary judgment arguing they are entitled to judgment as a matter of law because Sturdevant fails to establish Defendants were deliberately indifferent to Sturdevant's potentially serious medical need. Defendants's affidavits indicate they are not

3

dentists and are only involved in the administration of USP Marion's dental program (Docs. 31-3 & 31-6). Their affidavits further indicate that Sturdevant never informed them that his lack of dentures caused him complications with his diabetes or digestion (Docs. 31-3 & 31-6). Sturdevant filed his response (Doc. 33) in which he did not attach any evidence disputing that Defendants had no medical training or that they had knowledge that the lack of dentures caused Sturdevant complications with his diabetes or difficulty in digestion due to his lack of a gall bladder. Rather, Sturdevant complains that his dentures do not fit him properly and generally complains about the lack of available dental care in the BOP. Defendants filed a reply (Doc. 34) attaching the declaration of Dr. Sarah Cannon, the USP Marion dentist that ultimately provided dentures to Sturdevant, in which she details the adjustments she has made to Sturdevant's dentures in response to his complaints.

Magistrate Judge Frazier filed his R & R (Doc. 39) on November 15, 2013, in which he recommended the Court grant Defendants' motion for summary judgment. Specifically, Magistrate Judge Frazier noted that Sturdevant failed to attach any evidence to his response contradicting Defendants' declarations in which they attested they had no knowledge that the failure to provide Sturdevant dentures aggravated his diabetes or digestion. Magistrate Judge Frazier concluded that Sturdevant failed to establish that Defendants had the requisite knowledge to establish deliberate indifference to his potentially serious medical need. Further, Defendants were entitled to rely on the professional judgments of the dental professionals who had already examined Sturdevant and determined that Sturdevant did not need dentures on an emergency basis.

Sturdevant filed an objection (Doc. 40) to the R & R. Sturdevant argues that Defendants are liable under a *respondeat superior* theory because they "actually participated in the decision

to deny attention in the onset of the complaint by administrative applications (sic)" (Doc. 40, p. 2). He also seems to argue that a genuine issue of material fact exists because the BOP was required to provide him with dentures. The Court will now consider whether Defendants are entitled to judgment as a matter of law.

3. **Analysis**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine

issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

The Eighth Amendment imposes liability on prison officials who "intentionally disregard a known, objectively serious medical condition that poses an excessive risk to an inmate's health." *Gonzalez v. Feinerman*, 663 F.3d 311, 313-14 (7th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Accordingly, Sturdevant must establish he suffered from an "objectively serious medical condition" and medical officials "were aware of the serious medical need and were deliberately indifferent to it." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). For the purposes of this motion, the Defendants acknowledge that Sturdevant's lack of dentures may have potentially constituted a serious medical need. The parties disagree over whether Defendants was deliberately indifferent.

Here, Sturdevant fails to introduce any evidence contradicting Defendants' declarations in which Defendants indicated they had no knowledge that a delay in the provision of dentures to Sturdevant was causing an excessive risk to Sturdevant's health. Without any knowledge that delaying the provision of dentures could cause an excessive risk to Sturdevant's health, Defendants could not be deliberately indifferent to his need for dentures. Rather, when Sturdevant confronted the Defendants with the denial of his request for dentures, it was reasonable for Defendants to rely on the dental hygienist's opinion that Sturdevant's dentures were not an emergency as indicated by his placement on the "routine" waiting list. *See Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (reasonable for non-medical prison staff to rely on medical professionals' judgments regarding inmate care). Under these circumstances, Sturdevant has failed to come forth with evidence suggesting that Defendants were deliberately

indifferent to his need for dentures. Accordingly, Defendants are entitled to judgment as a matter of law.

   **4. Conclusion**

For the foregoing reasons, the Court

- **ADOPTS** the R & R (Doc. 39) in its entirety;
- **GRANTS** Defendants' motion for summary judgment (Doc. 31);
- **DISMISSES with prejudice** Sturdevant's claims against defendants John Parent and M. Winklmeier, listed in this case as "M. Winklemeyer"; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** December 9, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
